| 42   3̄1̄9̄
|09   497
| 42   319
| £142  358

## PEARCE *vs.* POPE.

[JUSTICE OF PEACE—JURISDICTION.]

1. *Justice of the peace; civil jurisdiction of.*—The provisions of § 9 of article 6 of the constitution of 1865, which declares that the jurisdiction of justices of the peace in civil cases, "shall be limited to causes in which the amount in controversy shall not exceed one hundred dollars," did not vest in said justices, jurisdiction to that extent, but left it with the legislature to determine to what extent this jurisdiction should be exercised, in the class of cases named; and until the passage of the act of the 20th February, 1866, (Acts '1865-6, p. 60,) justices of the peace could not exercise jurisdiction in actions founded on contracts, where the sum claimed exceeded fifty dollars.

2. *Same; same.*—The said act of the 20th February, 1866, conferred upon justices of the peace jurisdiction "of all actions founded on any contract, where the sum claimed does not exceed one hundred dollars," but did not change its extent in the other classes of civil suits as fixed by the Code, § 711.—(Revised Code, § 841.)

APPEAL from the Circuit Court of Autauga.
Tried before Hon. JOHN MOORE.

THIS action was commenced by the appellant against the appellee, in a justice's court, on the 25th October, 1865. The cause of action was a promissory note made by the defendant. The justice rendered judgment against the defendant on 13th November, 1865, for sixty-two 55-100 dollars and two 10-100 dollars costs. From this judgment the defendant appealed to the circuit court, where the trial

was had *de novo.* The defendant demurred to the complaint, and assigned amongst other grounds of demurrer, that the justice of the peace had no jurisdiction of the amount for which the suit was brought, and of the amount for which judgment was rendered. The court sustained the demurrer, and gave judgment for the defendant.

WM. H. & G. A. NORTHINGTON, for appellant.
WATTS & TROY, and C. S. G. DOSTER, *contra.*

JUDGE, J.—It was provided by the original constitution of the State, that the jurisdiction of justices of the peace in civil cases, should not exceed fifty dollars.

Section 9, of article 6, of the present constitution, declares, that the jurisdiction of justices of the peace, in civil cases, "shall be limited to causes in which the amount in controversy shall not exceed one hundred dollars."

While the provision of the original constitution was of force, the legislature conferred upon these officers, to be exercised within their respective counties, original jurisdiction, as follows :

" 1. Of all actions founded on any contract, where the sum claimed does not exceed fifty dollars.

" 2. Of all actions founded on any wrong, or injury, except slander, where the damages claimed do not exceed fifty dollars.

" 3. Of all actions of forcible entry, and unlawful detainer.

" 4. Of all actions brought to recover specific property, where the value does not exceed fifty dollars.

" 5. In such other cases as jurisdiction is, or may be given by law, not contrary to the constitution."—Code, § 711.

Since the adoption of the present constitution, the first clause of section 711 of the Code, quoted above, has been amended, to make it read as follows : " Of all actions founded on any contract, where the sum claimed does not exceed *one hundred* dollars."—Acts 1865-'6, p. 60.

The object of the constitutional provisions before referred to, was not to confer power upon the legislature, nor to

vest jurisdiction in justices of the peace, nor to provide for its exercise. It was to place a *restriction* upon the legislature in conferring the jurisdiction—to provide a maximum as to its extent. This being effected, it was left to legislative discretion to fix its extent—*under* the maximum, and to provide for its exercise, in the different classes of civil cases.

Hence, since the adoption of the present constitution, the legislature, in extending the jurisdiction in actions *founded on contract,* did not change its extent in the other classes of civil suits as fixed by the Code ; and notwithstanding the language of the present constitution, justices of the peace have not now jurisdiction of civil actions founded on any wrong or injury, nor of actions for the recovery of specific property, where the amount in controversy exceeds fifty dollars ; nor could they now exercise jurisdiction in actions founded on contract, where the sum claimed exceeds fifty dollars, but for the act of February 20th, 1866.

The present appellant instituted his suit for the recovery of more than fifty dollars, and recovered judgment thereon, previous to the passage of the act of 1865–'6 ; and it results from what we have said, that the judgment rendered in his favor, was *coram non judice,* and void, and that the circuit court did not err in so deciding.

The want of jurisdiction in the justice, appeared both by the judgment and on the face of the proceedings, and it was not necessary that the appellee should have been put to his plea to the jurisdiction.—*Crabtree et al. vs. Cliatt,* 22 Ala. 181 ; *Lamar v. Com. Court,* 21 Ala. 772.

Judgment affirmed.