# Carter *v.* Alford.

## *Action to recover Personal Property in Specie.*

1. *Civil jurisdiction of justice of the peace ; under constitutional provisions.*—The constitutional provision which declares that justices of the peace "shall have jurisdiction, in all civil cases, wherein the amount in controversy does not exceed one hundred dollars" (Art, VI, § 25), is not self-executing, but requires legislation to give it effect.

2. *Same, in actions for recovery of specific property.*—By statutory provision, a justice of the peace has jurisdiction of "actions brought to recover specific property, where the value does not exceed fifty dollars" (Code, § 757) ; and where the value of the property exceeds fifty dollars, the plaintiff can not, by averring in his complaint that the value is less than that sum, confer on the justice jurisdiction of the action ; nor is the defect of jurisdiction cured, in such case, when properly presented by a plea in abatement, by a verdict for plaintiff assessing the value at less than fifty dollars.

APPEAL from the City Court of Montgomery.

Tried before the Hon. JOHN A. MINNIS.

This action was brought by J. F. Alford, against Robert Carter and his wife, to recover seven head of cattle, particularly described, with damages for their detention ; and was commenced in a justice's court, on the 12th day of August, 1878. In the complaint filed in the justice's court, the value of the property was alleged to be $45. The defendants appeared, and filed a plea in abatement to the jurisdiction of the justice, alleging that the value was more than $50 : "to which the plaintiff replied," as the transcript of the justice's judgment recites, "that he was willing to take $45 for the property ; and the court decided, after hearing the evidence, that it has jurisdiction of the cause ; whereupon, the defendants admitted judgment, and took an appeal to the City Court ; and the court rendered judgment in favor of the plaintiff, for the property, or the sum of $45, together with the costs of suit." In the City Court, the plaintiff filed a complaint, claiming the cattle, describing the particular marks of each, and alleging its value ; the aggregate of the values, as alleged, being $45. The defendants again filed a plea in abatement to the jurisdiction of the justice, alleging that the value of the property was $60. The court sustained a demurrer to this plea ; and the cause being submitted to a jury on issue joined, but on what pleas the record does not show, the jury returned a verdict for the plaintiff, assessing the value of each animal separately, the aggregate being $45.

[Carter v. Alford.]

The judgment on the demurrer, and the judgment on the verdict, are now assigned as error.

GORDON McDONALD, for appellants.—In actions for the recovery of specific property, the statutory limitation of a justice's jurisdiction is "where the value of the property does not exceed $50;" and this limitation is constitutional. *Pearce v. Pope*, 42 Ala. 319; *Taylor v. Woods*, 52 Ala. 474. The statute fixes the value of the property, and not the amount alleged or claimed, as the standard of jurisdiction. The consent of both parties can not give jurisdiction of the subject-matter, though it may of the person. How, then, can the simple averment of one party, against the objection of the other, and against the evidence, it may be, confer jurisdiction of such a case? To allow a recovery in detinue, or the statutory substitute for that action, for property worth $500, because the plaintiff claims only $45 as its alternate value, would be a fraud on the jurisdiction of the court. After judgment, the plaintiff may have an attachment, or a *distringas*, to compel the delivery of the property, and the defendant can not discharge himself by paying the assessed value. Nor can the verdict help the judgment on the demurrer; since the plaintiff could not recover more than he asked.

T. M. ARRINGTON, *contra*, cited the following cases : *Crabtree v. Cliatt*, 22 Ala. 188; *House v. Lassiter*, 49 Ala. 308; *Taylor v. Woods*, 52 Ala. 479; *State v. Jacobs*, 61 Ala. 448. He contended, also, that if the judgment on the demurrer was erroneous, the verdict showed that it was error without injury.

STONE, J.—The constitution of 1868, art. 6, section 13, ordains that justices of the peace "shall have jurisdiction, in all civil cases, wherein the amount in controversy does not exceed one hundred dollars. In all cases tried before such justices, the right of appeal shall be secured by law." In *Taylor v. Woods*, 52 Ala. 474, this court, after a very careful consideration of our several constitutions and their construction, came to the conclusion, that the clause copied above is not self-executing—that it does not, by its unaided force, confer on justices of the peace jurisdiction in all civil causes, when the amount in controversy does not exceed one hundred dollars. The language then employed is : "The true meaning of the constitution is, that the civil jurisdiction of justices shall be limited to controversies involving an amount not exceeding one hundred dollars ; that the General

Assembly shall determine the class of cases in which it shall be extended to, or reduced below that point. It follows, under the present statutes, a justice has not jurisdiction of an action for the recovery of chattels *in specie,* when the value claimed exceeds fifty dollars."—See, also, *Pearce v. Pope,* 42 Ala. 319.

One result of this opinion is, to hold, as we have said, that the clause of the constitution of 1868 we are commenting on, does not, of its own force, and in defiance of legislation, clothe the justices with jurisdiction in all civil causes, "wherein the amount in controversy does not exceed one hundred dollars." Civil causes constitute a very large and varied class, and it embraces all controversies that can arise between mere individuals, no matter what the subject of litigation, whether real property, personal property, injuries to the person, or mere equitable claims. It is employed in the constitution as the antithesis of criminal prosecutions ; and the two classes cover the whole field of judicial contestation, with the possible exception of some peculiar and extraordinary forms of relief, that lie on the boundary between the two.

Another argument that may be urged, why this clause should not be adjudged to be completely self-executing, is as follows : Section 12 of our Declaration of Rights declares, that "The right of trial by jury shall remain inviolate." The constitution itself makes no provision for a jury trial before a justice of the peace, and the clause of the constitution under discussion makes no positive provision for an appeal from the judgment of such justice. The language of the constitution is : "In all cases tried before such justices, the right of appeal shall be secured by law." This clearly shows that legislation was contemplated, and was necessary, to secure the right of appeal, and that without legislation, the constitution itself secured no such right.—*State v. Buckley,* 54 Ala. 550. Now, taking the constitution as the sole grant of jurisdiction, in the absence of statutory regulations giving it effect, this provision of the constitution, raising the jurisdiction of justices to one hundred dollars, would contravene and render ineffective that other clause which secures the right of trial by jury.—*Thomas v. Bibb,* 44 Ala. 721. It is our duty, if possible, to construe each clause of the constitution, so as to harmonize it with all other clauses, and not to suppose this constitution-making, representative body of the whole people intended to disregard, or violate, any of the guaranties of personal rights they were assembled to protect. We do not think this clause of the constitution is self-executing ; legislation was necessary to give it effect ; and we concur fully in the conclusion reached in *Taylor v.*

*Woods, supra.* There is nothing said in *Jacobs v. The State,* 61 Ala. 448, which contravenes this view.

The constitution of 1875, art. 6, sec. 26, on the question we are considering, is not distinguishable from the constitution of 1868, and must receive the same construction. The jurisdiction of justices of the peace, in " actions brought to recover specific property," is confined to cases in which the value of the property sued for does not exceed fifty dollars. Code of 1876, § 757, subd. 4.

Our many decisions on the question raised by the plea in abatement in this case, can not be reconciled. They were collated and considered in *Crabtree v. Cliatt,* 22 Ala 181; and we need not travel over the ground again. That was a suit on a money demand, and the question was, whether a suit, commenced before a justice, should be abated, when the demand sued on exceeded fifty dollars—the extent of a justice's jurisdiction at that time—when the action was commenced. It was held that it should. It was admitted that, if the plaintiff, at or before the justice's judgment, remitted all over fifty dollars, the action could be maintained; and it was admitted that, if the plaintiff claimed only fifty dollars, in a suit on a contract to pay money, this was a release and *remittitur* of all over that sum, and the action was well brought. The language of this court was : " The true criterion, by which the question of jurisdiction in such cases is to be settled, I apprehend to be, the amount legally due on the note, or the sum actually claimed, and for which a recovery is sought before the justice; and not the recovery before him, as was said in *Cothran v. Weir,*" 3 Ala. 24.—2 Brick. Dig. 176, § 17. This is the rule when the suit is on a money demand, and nothing else is claimed.

The present case presents a different question. Here, the action is detinue, or for chattels in specie, as our statute expresses it. If the plaintiff succeed, he recovers the property. The right and title to property is the question in controversy, and property is what the plaintiff claimed. The *value* of the property, not the sum claimed as the alternate form of satisfaction of the recovery, is the statutory criterion and limit of jurisdiction. When plaintiff succeeds, he is not bound to accept the alternate value fixed by the finding. Code of 1876, § 2947. If, when the suit is brought, the property sued for is worth more than fifty dollars, the justice is without jurisdiction, and a *remittitur* of all the alternate value over fifty dollars, or, what is the same thing, claiming and averring a value which does not exceed that sum, is not a relinquishment of so much of the cause of action as is in excess of fifty dollars. Nor is the fact that the value of the

[Crawford v. McLeod.]

property was assessed at less than fifty dollars, any evidence, on the question we are considering, that that was the full value of the property. Having averred the value, the plaintiff was entitled to recover no more, although it might not be an error available in this court, that the jury went beyond the damages claimed. Such irregularities are corrected on motion in the court below.—1 Brick. Dig. 776, §§ 39, 40.

The City Court erred in sustaining plaintiff's demurrer to defendant's plea in abatement.

Reversed and remanded.