[Burns v. Henry.]

# Burns *v.* Henry.

*Trover before Justice of Peace ; Plea, want of Jurisdiction.*

1. *Justice of peace; when has no jurisdiction in actions of trover.*—Justices of the peace have no jurisdiction, in actions of trover, when the amount of the damages claimed exceeds fifty dollars.

2. *Jurisdiction; when want of is apparent on the pleadings, how taken advantage of.*—When in an action of trover before a justice of the peace, the justice's want of jurisdiction is apparent on the complaint, and, in the judgment, the defendant is not put to his plea, but may take advantage of it, by a motion to dismiss the case.

3. *Same; when want of is not apparent on the face of proceedings, how advantage taken of.*—In such a case, if the justice's want of jurisdiction does not appear on the face of the complaint, the facts which show it must be set up by plea in abatement to the jurisdiction.

APPEAL from the Circuit Court of Etowah.
Tried before Hon. W. L. WHITLOCK.
The facts are stated in the opinion of the court.

J. L. CUNNINGHAM, and AIKEN & MARTIN, for appellant.

DENSON & DISQUE, for appellee.—The motion to dismiss, for want of jurisdiction in the justice's court, was properly overruled.—Const. Ala. Art. VI, § 26. Even if the amount claimed was beyond the jurisdiction of the justice, the defendant waived any objection on that ground, by failing to file a plea to the jurisdiction, and taking the case to the Circuit Court. Appeals from such courts are, in the Circuit Courts, tried *de novo*, without regard to defects in the summons, or other proceedings before the justice.—Code, § 3121 ; *Glaze v. Blake*, 56 Ala. 379.

SOMERVILLE, J.—This is an action of *trover*, claiming the sum of one hundred dollars damages for the conversion by the appellant, Burns, of four bales of cotton and one horse, the property of the appellee, Henry. It was originally commenced in November, 1876, before a justice of the peace, where a motion was made by the defendant to dismiss the case for want of jurisdiction, which was refused to be entertained by the justice, who, thereupon, proceeded to trial, and rendered judgment against the defendant for the sum of $68.83, and costs of suit. On appeal to the Circuit Court, the motion to dismiss, for want of jurisdiction by the

justice, was renewed and overruled, and the refusal of the court to grant the motion is assigned for error.

In *Carter v. Alford*, 64 Ala. 236, it was held, that under the provisions of Art. 6, § 26, of the present Constitution (of 1875), and of section 757 of the present Code (of 1876), a justice of the peace has no jurisdiction of actions brought for the recovery of specific property, where the value of such property sued for exceeds the sum of fifty dollars. The decision was put upon the ground that this section of the Constitution, conferring jurisdiction on justices where the amount in controversy does not exceed one hundred dollars, is not self-executing, but requires legislation to give it effect.

It is equally manifest, for like reasons, that the jurisdiction of justices, in actions of *trover* and other *torts*, is confined by the statute to cases "where the damages claimed do not exceed fifty dollars."—Code 1876, § 757, subdiv. 2; *Carter v. Alford, supra.*

The justice, before whom the case originated, very clearly, therefore, had no jurisdiction of the subject matter, because the damages claimed, and also the judgment rendered, exceeded the sum of fifty dollars.— *Crabtree v. Cliatt*, 22 Ala. 181; 2 Brick. Dig. p. 177, § 31.

This want of jurisdiction is apparent on the face of the proceedings, both in the complaint, and the amount of the judgment rendered. Where such is the case, we see no reason why a party defendant should be put to his plea denying the jurisdiction. An objection, interposed by motion to dismiss, is sufficient, especially in view of the want of formality and technical accuracy which is permitted to characterize proceedings in justice's courts. It is well settled that a motion to dismiss a suit, for want of jurisdiction of the *subject matter*, is never out of time. This can not be waived by consent, as want of jurisdiction over the person may be. It is admitted, however, that this principle would not apply so far as to *oust* the jurisdiction of the Circuit Court, after appeal from a justice's decision, if the defendant waives all objection on that ground; for the Circuit Court can hear and determine the case by virtue of its general jurisdiction over the amount claimed.—*Vaughan v. Robinson*, 20 Ala. 229. If it does not appear on the face of the complaint, the facts showing a want of it must then be set up by a plea in abatement, denying jurisdiction. These principles, we think, are amply sustained by the following authorities: *Stoughton v. Mott*, 13 Vt. 175; *Gormly v. McIntosh*, 22 Barb. (N. Y.) 271; *Wildman v. Reder*, 23 Conn. 172; *Thompson v. Morton*, 2 Ohio St. 26; 2 Brick. Dig. p. 177, § 32, and cases cited;

*Crabtree v. Cliatt*, 26 Ala. 181. The case of *Glaze v. Blake*, 56 Ala. 379, is not inconsistent with these views.

The Circuit Court erred in overruling the motion to dismiss, which should have been granted. Proceeding to render the judgment here, which should have been rendered there, we hereby reverse the judgment of the Circuit Court, and dismiss the cause, taxing the appellee with the costs in this and the lower court.

Stone, J., *dissenting*.