[Rodgers v. Gaines.]

# Rodgers *v.* Gaines.

### *Trover.*

1. *When oral evidence of notice of tax sale admissible.*—In an action of trover, in which the plaintiff relies on a tax title, oral evidence of the fact and contents of notices of sale, posted in exposed places more than a year before the trial, is admissible for him, without proof of loss or destruction, the presumption being that they had been destroyed.

2. *When appointment of deputy tax collector may be proved by parol.*—The tax sale in such case having been made by deputy, oral evidence of his appointment, although shown to have been in writing, is admissible for the plaintiff, such appointment being a collateral question in the case, to which the strict rule of primary and secondary evidence does not apply.

3. *Jurisdiction of justices of the peace in detinue; when former recovery no bar.*—The jurisdiction of justices of the peace in actions of detinue being limited to fifty dollars, a judgment rendered in a justice's court in such action, determining the right to property of greater value, is without jurisdiction and void; and where, on the trial of an action of trover, brought to recover damages for the conversion of a chattel shown to be of the value of one hundred dollars, the circuit court ruled out evidence of a former recovery in detinue before a justice of the peace, offered by the defendant in bar of the action, on appeal, the bill of exceptions purporting to set out all the evidence, and it not showing that any proof was offered, that the justice had jurisdiction, this ruling of the primary court is presumed to have been based on the ground of want of jurisdiction in the justice, and is free from error.

4. *Personal property assessed for taxes; lien on.*—Where a tax-payer purchased a mule in February, and, by his own act, had it assessed for taxes as his property for the year in which the purchase was made, and allowed the assessment to stand without correction, he thereby estopped himself from denying his liability for such taxes; and, for the payment of all the taxes assessed against him for that year, a lien on the mule existed under the statute, which was superior to the title acquired by a subsequent purchaser.

5. *Sale of personal property for taxes; when notice of sale a compliance with the statute.*—The words, "in the precinct in which such delinquent resides," contained in the statute providing for posting notices of the sale of personal property for taxes (Code, § 415), have reference to the time the assessment is made, "at least, in the absence of actual residence in another precinct in the county" at the time of sale; and hence, where a tax-payer removed from the precinct in which his taxes were assessed, after they became delinquent, and soon thereafter removed from the county, the posting of notices of the sale of personal property, levied on after his removal from the county, for unpaid taxes, in the precinct in which the assessment was made, is a sufficient compliance with the statute.

6. *Deputy tax collector contemplated by statute.*—The statutes of this State contemplate that tax collectors may have deputies. (Code, § 412.)

[Rodgers v. Gaines.]

APPEAL from Greene Circuit Court.

Tried before Hon. WM. S. MUDD.

Trover by F. Gaines against J. P. Rodgers, to recover damages for the conversion of a mule. The complaint is the only pleading disclosed by the record. The plaintiff claimed title under purchase at tax sale, and the evidence introduced on his behalf tended to show the following facts: On 23d March, 1880, one Curry, then residing in Tishabee precinct in Greene county, and owning the mule in controversy, regularly returned it, with his other personal property, for taxation for that year, and it was duly assessed, all the requirements of the law touching the assessment having been complied with. About 1st January, 1881, he removed from said precint to one adjoining, where he resided until some time in March of that year, when he removed from the county. After this, his taxes remaining unpaid, one Henry P. Gaines, the "deputy tax collector for Tishabee beat," under instructions from the tax collector levied on, and took possession of the mule, which was then in the possession of the defendant in said precinct, who offered to pay the taxes due on the mule, but refused to pay the other taxes which Curry owed; and, after posting notices of the sale at four public places in Tishabee precinct, he sold the mule at public outcry for taxes and costs, and, at the sale, the plaintiff became the purchaser, to whom, on his paying the amount of his bid, the mule was delivered. The evidence further tended to show a conversion of the mule by the defendant, and that it was worth one hundred dollars.

The said Henry P. Gaines was examined as a witness for the plaintiff, by whom the plaintiff offered to prove that the witness was, at the time of the levy, the duly appointed and authorized deputy tax collector for Tishabee precinct. The defendant, having shown by the witness that his appointment was in writing, objected to the introduction of the offered proof; but his objection was overruled, and he excepted. The plaintiff was also allowed, against the defendant's objection, to prove by this witness the fact that notices of the sale were posted, and the contents thereof, without other proof of loss than that they were posted in places exposed to the weather more than a year before the trial, and that he had not since seen them; and to this ruling the defendant excepted.

The defendant offered evidence tending to show that he bought said mule early in the year, 1881, before Curry left the county, and paid for, and took possession of it, without any notice or knowledge of any claim of lien for taxes, and that he held possession of it until it was taken from him by said deputy tax collector. He "then offered to prove by the justice's docket and the original papers in the case, that when Henry

[Rodgers v. Gaines.]

P. Gaines took possession of the mule, he instituted legal proceedings to recover it from Gaines before a justice of the peace, and did get a judgment against him for the mule before said justice; that under this judgment the sheriff took the mule from the plaintiff, and delivered it to the defendant," and that the judgment was rendered before the sale, but the seizure by the sheriff was after the sale. On plaintiff's objection, the court refused to allow this proof to be made, and the defendant excepted. The defendant also offered evidence tending to show that one Little owned said mule during 1879, and until 20th February, 1881, when he sold it to Curry; and that during the year, 1880, and up to the time he left the county, and afterwards, Curry had in the county other property out of which said taxes could have been made.

The court charged the jury, *ex mero motu*, in substance, as follows: 1. That while Curry, if he bought the mule in controversy in February, 1880, was not required by law to include it in the return of his property for taxation for that year, yet, if he did so, and it was assessed to him, he, and the defendant, claiming under him, were thereby estopped from setting up that it was not included in his assessment, and from denying that it was liable for his taxes for that year. 2. That the State had a lien on all property for the payment of taxes; and if the mule was duly assessed as Curry's property on a return made by him, and it was regularly sold for the payment of the taxes assessed against him, and the plaintiff purchased it at the sale, the title thereby acquired would prevail over that acquired by the defendant through his purchase from Curry, although, at the time of the purchase, the defendant may not have had any notice of the lien on the mule for such taxes. 3. That if Curry had removed from the county at the time of the levy and sale, then posting notices of the sale in Tishabee precinct was a compliance with the law touching the posting of notices of sales of personal property for unpaid taxes. 4. That the tax collector was not required to hunt up or inquire for other property belonging to Curry, out of which to make the taxes owing by him, but that he had the right to levy on and sell the mule, if assessed to Curry on his return. To each of these charges the defendant excepted. Other exceptions were also reserved by him, but as they are not assigned as error, or notice by this court, they are omitted from this report.

The exceptions to the rulings of the circuit court on the admissibility of evidence above noted, and the charges given are here assigned as error.

THOS. W. COLEMAN, for appellant.

[Rodgers v. Gaines.]

HEAD & BUTLER, *contra.*

STONE, J.—We will confine our rulings to the errors assigned.

There is nothing in the objection that oral evidence was admitted of the fact and contents of the posted notices of sale. They were put up more than a year before the trial, were in exposed places, and the presumption is they had been destroyed. Neither was there error in allowing oral testimony that Gaines was the authorized deputy of Eatman, the tax-collector. It was a collateral question in this case, to which the strict rule of primary and secondary evidence does not apply.—*Graham v. Lockhart*, 8 Ala. 9 ; 1 Greenl. on Ev. § 89. See also *Ib.* §§ 83, 92.

An alleged former suit and recovery before a justice of the peace were attempted to be shown in evidence in bar of this action. This testimony was ruled out at the instance of the plaintiff. The bill of exceptions sets out all the evidence, and it was neither proved, nor offered to be proved, that the justice trying the cause had jurisdiction. Justices' courts are of a class called limited jurisdictions ; their jurisdiction in cases of detinue being limited to fifty dollars. Any judgment of a justice's court, attempting, in such action, to determine the right to property of greater value than fifty dollars, would be without jurisdiction and void.—1 Whart. on Ev., § 795 ; 1 Chitty's Pl., m. p. 459 ; 2 *Ib.* 422. We feel bound to presume this testimony was ruled out on this ground. It may be added that on the trial of this cause, there was testimony that the value of the mule in controversy was one hundred dollars, and the verdict of the jury shows they assessed it at about that sum.

The remaining questions depend mainly on our statutes. We think there can be no question that there was a lien on the mule for the unpaid taxes of 1880, assessed against Curry, the tax-payer. He had, by his own act, had that mule assessed as his property for that year. Allowing the assessment to stand without correction, he estopped himself from denying his liability for the taxes then assessed. It may have been that when he obtained the mule, there was an understanding he should pay the taxes of that year. Being part of the property on which the taxes were assessed, it was rendered liable for their payment.

It is urged for appellant that the tax sale conveyed no title, because the property was not advertised in the proper precinct. The statute says, sales may be made "after ten days' notice by posting bills at three or more public places in the precinct in which such delinquent resides." We concede a compliance

[Morgan v. Casey, Adm'r.]

with this statute is a necessary condition of a valid sale. When the taxes were assessed for the year 1880, and throughout that year, Curry, the tax-payer, resided in Tishabee precinct. He was assessed in, and as of that precinct. Taxes are assessed and classified by precincts, and tax-payers are put in default and made delinquent, only when they have had two opportunities to meet the tax-collector in the precinct in which they are assessed. All the statutory provisions indicate that taxes are to be paid and collected in the same precinct in which they were assessed.—Code, §§ 376, 379, 388, 395, 408, 421. Curry, the tax-payer, removed to, and resided in an adjoining precinct during the months of January and February, 1881, and in March removed from the county, and did not return. So, when the property was seized and advertised, he had no place of residence in the county. We think the law was substantially complied with in this case. To hold otherwise, would be to declare no valid sale could have been made, as Curry resided, at that time, in no precinct in the county. We think the words, "in the precinct in which such delinquent resides," have reference to the time the assessment was made; at least, in the absence of actual residence in another precinct of the county.

Under the rules laid down above, there was nothing in the charges given that could have done the defendant any harm.

Our statutes contemplate that a tax-collector may have deputies.—Code, § 412.

Affirmed.