# Alabama Great Southern R. R. Co. v. Christian.

*Application for Certiorari to Justice of the Peace.*

1. *Certiorari to justice of the peace; when not granted.*—A writ of *certiorari*, as at common law, will not be awarded to bring up for revision a judgment rendered by a justice of the peace in excess of his jurisdiction, when the party has an adequate remedy by appeal. (Qualifying *Glaze v. Blake,* 56 Ala. 379, as to principle stated in last head-note.)

2. *Jurisdiction of justices in actions for damages.*—Under constitutional and statutory provisions, a justice of the peace has no jurisdiction of actions founded on torts, where the amount claimed exceeds $50; but, whether this principle applies to actions against a railroad company for injuries to stock, and whether the statute giving such action (Code, § 1711) is reconcilable with constitutional provisions, are questions not decided.

APPEAL from an order at chambers by Hon. JOHN MOORE, presiding judge of the fourth judicial circuit, which embraces Hale county, refusing to grant a *certiorari* to a justice of the peace in said county, for the purpose of bringing up for revision the proceedings had before said justice in a certain cause lately pending before him, in which one H. C. Christian was plaintiff, and the Alabama Great Southern Railroad Company was defendant; in which case the plaintiff claimed damages for the loss of a mule, alleged to have been killed by the negligence of the defendant's servants in charge of one of its trains, and the justice rendered judgment in his favor for $85, besides costs. The judgment was rendered on the 15th January, 1886, and the petition for a *certiorari* was filed on the 17th February, 1886. The petition alleged that the judgment was void, because "said justice had no jurisdiction to hear said cause, or to render said judgment." The order refusing a *certiorari* is now assigned as error.

THOS. R. ROULHAC, for the appellant.—(1.) The judgment of the justice was in excess of his jurisdiction, and is void. *Carter v. Alford,* 64 Ala. 236; *Burns v. Henry,* 67 Ala. 209; *Rodgers v. Gaines,* 73 Ala. 219; Code, § 757; Sess. Acts 1884-5, p. 88. (2.) The statute giving this action against corporations is unconstitutional, because it makes an unequal and unjust discrimination against them.—*Railroad Co. v. Morris,* 65 Ala. 193: *Zeigler v. Railroad Co.,* 58 Ala. 594; *Home Protection v. Richards,* 74 Ala. 467; *Smith v. Railroad Co.,* 75 Ala. 449; *Missouri v. Lewis,* 101 U. S. 22, 30; *U. S. v. Cruikshank,* 92 U. S. 542; *Wally v. Kennedy,* 2 Yerger, 534; *Holden v. James,* 11 Mass. 396; Cooley's Const. Lim., 3d ed., § 393. (3.) The writ of *certiorari,* at common law, was always awarded when there was no other adequate remedy to correct the errors of an inferior tribunal; but its appropriate office was to revise and set aside judgments and proceedings of inferior courts, outside or in excess of their jurisdiction; and it was matter of right in all such cases, whether the party had another remedy or not. - 2 Bac. Abr. 165-6; 2 Wait's Ac. & Defenses, 127; *Glaze v. Blake,* 56 Ala. 387; *Combs v. Dunlap,* 19 Wisc. 593: *Spragins v. Shed,* 9 Johns. 140; *Martin v. Moss,* 6 Johns. 126; *Green v. Angell,* 13 Johns. 469; *Farrell v. Taylor,* 12 Mich. 113; *Talmadge v. Potter,* 12 Wisc. 319; 10 Ind. 265; 6 Blackf. 425; 24 Wend. 252; 2 N. H. 236; 5 Mass. 420; 13 Pick. 195; 2 Burr. 1042. In all cases where the writ was refused because the party had another remedy, it will be found that no question of jurisdiction was involved.

[Ala Great Southern R. R. Co. v. Christian.]

STONE, C. J.—The appellee, Christian, sued the appellant railway company, before a justice of the peace, claiming damages for the alleged wrongful and negligent killing of a mule, the property of plaintiff. The justice gave judgment in favor of plaintiff, for eighty-five dollars damages, besides the costs. Such are the averments of the sworn petition presented by the railway company to Hon. JOHN MOORE, the presiding judge of the fourth judicial circuit, which embraces Hale county. The prayer of the petition was and is, to have the proceedings before the justice certified up to the Circuit Court, and there quashed and vacated, on the alleged ground that the justice had no jurisdiction of such tort, the sum in controversy being in excess of fifty dollars. The circuit judge denied the writ, and the case is brought before us by appeal from his ruling. Will common-law *certiorari* lie in such a case as this?

*Certiorari*, at common law, is an extraordinary legal remedy. It can be invoked only when there is a legal right, and no other adequate legal remedy. "When an appeal lies, *certiorari* is not the proper remedy."—*Case of Borough of Warwick*, 2 Stra. 991; *The King v. Harman*, Andrews, 343; 2 Wait's Ac. & Def. 134-5; *Edger v. Greer*, 14 Iowa, 211. And this writ will not, in general, be issued, "where the party has a remedy by appeal to correct the irregularity or injustice of which he complains."—2 Wait's Ac. & Def. 138; 2 Bouv. Bac. Abr., 163, 165. And this doctrine is sustained by the following adjudged cases: *Farrell v. Taylor*, 12 Mich. 113; *Storm v. Odell*, 2 Wend. 287; *In re Mount Morris Square*, 2 Hill (N. Y.), 14; *People, ex rel. v. Supervisors*, 1 Hill, 195; *Ruhluran v. Com.*, 5 Bin. 24; *Phillips v. Phillips*, 3 Halst. 122; *Savage v. Gulliver*, 4 Mass. 171; *Macaboy v. Com.*, 2 Va. Ca., 268; *Trigg v. Boyd*, 4 Hayw. 100; *Bob v. State*, 2 Yerg. 173; *Witkowoki v. Skalowski*, 46 Ga. 41; *People v. Shepard*, 28 Cal. 115; *The King v. Jackson*, 6 T. R. 145.

So in Alabama: "A *certiorari* is a revisory writ, and may be issued by a superior, to correct the erroneous action of an inferior court, where the law has provided no remedy by appeal."—*Benton v. Taylor*, 46 Ala. 388; *Ex parte Buckley*, 53 Ala. 42; *Town of Camden v. Block*, 65 Ala. 236. "It is a general rule of the common law, that a writ of error will not lie, when the court whose judgment is complained of acts in a summary manner, or in a new course different from the common law. In such cases, the writ of *certiorari* is the appropriate remedy. Or, as the rule is sometimes expressed, where a new jurisdiction is created by statute, and the court exercising it proceeds in a summary method, or

in a course different from the common law, a *certiorari* is the only proper remedy to revise its action."— 1 Brick. Dig. 333, §§ 2, 4, 5.

In what is said above, it is not our intention to declare that, in no case where a justice exceeds his jurisdiction, will the common-law writ of *certiorari* lie. The constitution, in terms, denies to those officers jurisdiction in cases of libel, slander, assault and battery, and ejectment. These, in their very nature, and irrespective of the amount of damages claimed, are without their jurisdiction. Judgments rendered by justices, in either of these actions, are *coram non judice* and void. So, in statutory and summary proceedings, not according to the rules which obtain in common-law trials, it would be seen that a review may be obtained on common-law *certiorari*. What we do decide is, that in cases where ample redress can be obtained on a trial *de novo*, and the right of appeal is unobstructed, the conditions are wanting which justify a resort to this severe remedy; a clear legal right, *and no other adequate legal remedy*.

It can not be questioned that, in this case, the defendant railroad company had the right of appeal, and that on such appeal the question of jurisdiction could have been raised. *Burns v. Henry*, 67 Ala. 209, which collects the authorities.

The judge of the fourth judical circuit did not err in refusing the writ of *certiorari*.

We are aware that, in *Glaze v. Blake*, 56 Ala. 379, there is a statement which is not reconcilable with what is decided above. That remark was not called for by anything raised by the record. It was stated too broadly, and must be taken with the qualification above expressed. We fear it misled counsel in this case, and, if left as an authority, it may mislead in other cases. We would not be inclined to disturb it, if it simply declared a rule of practice. It has a deeper significance; deeper, because trial *de novo*, on appeal, is much more conservative in its results, than the unbending judgment of validity or nullity, which must follow in common-law *certiorari*. That remark was unadvisedly made, and must be qualified.

We have no wish to unsettle or question the principle, so often declared since the adoption of the constitution of 1868, that "the jurisdiction of justices of the peace, in actions of tort, never having been extended beyond fifty dollars by act of the General Assembly, that officer has no jurisdiction of an action" for any wrong or injury, where the damages claimed exceed fifty dollars.— Code of 1876, § 751, sub-d. 2; Act approved Dec. 12, 1884, Sess. Acts, 88; *Taylor v. Woods*, 52 Ala. 474; *Carter v. Alford*, 64 Ala. 236;

[Warten v. Strane.]

*Burns v. Henry*, 67 Ala. 209; *Rodgers v. Gaines*, 73 Ala. 218; *Mor·is v. Robinson*, 80 Ala. 291.

Whether the rule is different, when stock or cattle is killed or injured by a railroad, and whether section 1711 of the Code of 1876, bearing on the question of a justice's jurisdiction, is reconcilable with the constitutions, State and Federal, are questions reserved until they come properly before us.—*Zeigler v. S. & N. R. R. Co.*, 58 Ala. 594; *S & N. R. R. Co. v. Morris*, 65 Ala. 193; *Home Pro. of North Alabama v. Richards*, 74 Ala. 466; *Smith v. L. & N. R. R. Co.*, 75 Ala. 449; *Strander v. West Va.*, 100 U. S. 303.

Affimed.