# Brown *v.* Alabama Great Southern Railroad Co.

*Action for Damages against Railroad Company, for Injuries to Stock.*

1. *Jurisdiction of justice of the peace, under constitutional and statutory provisions.*—Under constitutional and general statutory provisions (Const. Ala., Art. VI, § 26; Code, § 839), the jurisdiction of a justice of the peace, in cases of tort, is limited to $50; and the special statute which gives him jurisdiction "of all actions for injury to, or destruction of stock, by the locomotive or cars of a railroad, if the sum in controversy does not exceed $100" (Code, § 1149), being a discrimination against corporations, is unconstitutional and void as to the excess of jurisdiction attempted to be conferred.

APPEAL from the Circuit Court of Tuskaloosa.

Tried before the Hon. SAM. H. SPROTT.

This action was brought by R. R. Brown,· against the appellee, a domestic corporation, to recover $65 as damages for the loss of two cows and ten turkeys, alleged to have been negligently killed by the defendant's locomotive and cars; and was commenced in a justice's court, on the 6th September, 1887. The defendant pleaded in abatement to the jurisdiction of the justice, and moved to dismiss the suit because the amount claimed was beyond his jurisdiction; but the justice overruled the plea and the motion, and rendered judgment for the plaintiff, for $65 besides costs. On appeal to the Circuit Court, the plaintiff filed a complaint claiming $65 as damages; and the defendant again pleaded in abatement to the jurisdiction of the justice, and moved to dismiss the suit; which motion the court sustained. The judgment dismissing the suit is here assigned as error.

HARGROVE & VANDEGRAAFF, for appellant.—This action was commenced before the present Code went into effect, and is·governed by section 1711 of the Code of 1876, the phraseology of which differs materially from section 1149 of

[Brown v. Ala. Great Southern R. R. Co.]

the Code of 1886. The former gives an action, for injuries to stock, against "all corporations, person or persons, owning or controlling any railroad;" while the latter gives an action "for injury to, or destruction of stock, by the locomotive or cars of a railroad." It is submitted that the statute, in either form, is not a discrimination against corporations, but only relates to the remedy and procedure in a particular class of cases—injuries to live stock by railroads. Railroads, like manufacturing establishments, steamboats, mills, &c., "may be owned and operated without incorporation, and by a single proprietor."—*Smith v. L. & N. Railroad Co.*, 75 Ala. 450; *Wilks v. Ga. Pac. Railway Co.*, 79 Ala. 180. The statute is not directed against corporations, but against the owners of railroads, or persons operating them, whether as owners or lessees. Under constitutional provisions, one hundred dollars is the limit of a justice's jurisdiction, in civil cases, whether founded on contract, or sounding in damages; and certain kinds of action are expressly excepted.—Art. VI, § 26. Under the general statute, he has jurisdiction of "all actions founded on any wrong or injury, when the damages claimed do not exceed $50," except of the particular actions specified in the constitution; and also "in such other cases as jurisdiction is or may be given by law, not contrary to the constitution." What effect is to be given to this last clause, except to allow his jurisdiction to be increased in cases of tort, as the General Assembly may deem proper? Of the kind or class of cases to be committed to his jurisdiction, the General Assembly is the proper judge. This statute has been of force for more than ten years, and it has passed through two Code compilations. Its constitutionality will be upheld, unless the mind of the court is clearly convinced to the contrary.

WOOD & WOOD, *contra*, cited *L. &. N. Railroad Co. v. Morris*, 65 Ala. 193; *Home Protection Insurance Co. v. Richards*, 74 Ala. 467; *Smith v. L. & N. Railroad Co.*, 75 Ala. 449; Cooley's Const. Lim., 3d ed., § 393.

STONE, C. J.—Our decisons are uniform, that under our constitution and statutes, the jurisdiction of the justices of the peace, in cases of tort, is limited to fifty dollars. This is the language of the general statute.—Code of 1886, § 839; *Taylor v. Woods*, 52 Ala. 474; *Burns v. Henry*, 67 Ala. 209; *Carter v. Alford*, 64 Ala. 236; *Rodgers v. Gaines*, 73 Ala.

218; *Alabama Great Southern Railroad Co. v. Christian*, 82 Ala. 307.

In the Code of 1886, § 1149, is the following provision: "A justice of the peace has jurisdiction of all actions for injury to, or destruction of stock, by the locomotive or cars of a railroad, if the sum in controversy does not exceed one hundred dollars." We have thus the naked inquiry, whether the constitutions, Federal and State, permit the legislature to discriminate between railroad corporations and other persons, natural or artificial, in the matter of the jurisdiction of an inferior tribunal; or, in other words, whether it is competent for the legislature to limit a justice's jurisdiction to fifty dollars, in suits against tort-feasors generally, and to enlarge it to one hundred dollars, when a railroad corporation is the offender. Our former rulings compel us to declare section 1149 of the Code of 1886 to be unconstitutional. *S. & N. R. R. Co. v. Morris*, 65 Ala. 193; *Zeigler v. S. & N. R. R. Co.*, 58 Ala. 594; *Smith v. L. & N. R. R. Co.*, 75 Ala. 449; *Mayor v. Stonewall Ins. Co.*, 53 Ala. 570; *Green v. State*, 73 Ala. 26.

The judgment of the Circuit Court is affirmed.