# Stevenson v. Burton.

*Attachment for Rent.*

1.· *Appeal; presumption in favor of ruling of trial court.*—Where a record contains no bill of exceptions, or evidence to support a motion made below by appellant, and overruled, this court will presume in favor of the ruling of the trial court, that the evidence did not sustain the motion.

APPEAL from Etowah Circuit Court.
Tried before Hon. JAS. A. BILBRO.
The facts of this case are sufficiently stated in the opinion.

DENSON & BURNETT, for appellant.

DORTCH & MARTIN, *contra.*

COLEMAN, J.—The appellee, Burton, as landlord sued out an attachment before a justice of the peace against the appellant, Stevenson, as his tenant, returnable before the justice, and which was levied upon certain property·. On the return day, the defendant appeared and moved the court, "to dismiss plaintiff's action, quash the attachment and discharge the levy because, 1st, defendant is a resident of Beat No. 16, and not a resident of Beat No. 1, where the action is brought; 2nd, the debt was created and cause of action   *   * originated in Beat 16, and not in the beat in which the suit is brought; 3rd, the property levied upon is and was at the time of bringing said suit and levying the attachment in Beat No. 16, and not in the beat where said action is brought." The justice overruled said motion, and upon issue joined upon the complaint rendered judgment for the plaintiff. The defendant appealed to the circuit court, and there renewed his motion made in the justice court and upon the same grounds. The judgment of the circuit court recites the motion and grounds and states that, "after hearing the evidence and up n due consideration, it is ordered and adjudged that said mo-

tion be and the same is hereby overruled, and issue being joined thereupon came a jury," &c.   The errors assigned are upon the ruling of the court overruling the motion to "dismiss the plaintiff's action, to quash the attachment and to discharge the levy."   The record does not contain any bill of exceptions nor any evidence or statement tending to support the motion.  We are bound to presume in favor of the judgment of the trial court that the evidence did not sustain the motion.

We make no ruling upon the question argued in the brief of counsel, as to the jurisdiction of the justice court to issue attachments and render adjudications in cases where the facts exist as stated in the motion of appellant. See *Herndon v. Givens*, 16 Ala. 261 ; *Atkinson v. Wiggins*, 69 Ala. 190 ; *Burns v. Henry*, 67 Ala. 210 ; *McAllilley v. Horton*, 75 Ala. 492 ; Code of 1886, § 3303.

Affirmed.