# Kansas City, Memphis & Birmingham Railroad Company v. Whitehead.

*Action Against Railroad Company for Killing Stock.*

1. *Party examining juror, before challenge.*—Neither party has a right, before challenge, to interrogate a juror, to ascertain whether he is subject to challenge.

2. *Constitutionality of statute; when question will not be considered.*—As a general rule, courts do not pronounce a statute violative of the Constitution unless a decision of that very point is necessary to the determination of the cause.

3. *Jurisdiction of actions for killing stock by locomotive or cars of railroad.*—Section 1149 of the Code. giving justices of the peace "jurisdiction of all actions for injury to, or destruction of stock by the locomotive or cars of a railroad, if the sum in controversy does not exceed $100.00," does not purport to confer on justices exclusive jurisdiction of the suits to which it refers; and the original jurisdiction of the Circuit Court, as defined by the Constitution (Art. 6, § 5) extends to such suits where the matter or sum in controversy exceeds fifty dollars.

4. *Statute of limitations, as to actions for killing stock.*—The limitation of six months prescribed by section 1150 of the Code does not apply to an action commenced in the Circuit Court against a railroad company, for injuries to or for the destruction of stock; but the limitation of one year, as prescribed by the general statute of limitations (Code, § 2619), is applicable in such case.

APPEAL from the Circuit Court of Marion.
Tried before the Hon. H. C. SPEAKE.
On June 13, 1892, the appellee, J. B. Whitehead, brought this action in the Circuit Court of Marion coun-

ty against the appellant, the Kansas City Memphis & Birmingham Railroad Company, to recover seventy-five dollars as damages for the alleged negligent killing, by a train of cars belonging to the defendant, of a horse, the property of plaintiff, on October 13, 1891. The defendant pleaded the general issue, and the statute of limitations of six months. The plaintiff demurred to the plea of the statute of limitations of six months on the grounds that the statute relied on is unconstitutional, that said statute does not apply to suits instituted in the Circuit Court, and that it is shown by said plea that the injury complained of was done within one year before the institution of the suit. The court sustained this demurrer. When the jury was called for the trial of the case, the defendant's counsel asked the court's permission to ask the jury the following questions: ''Do any of the jury live near to, or in the neighborhood of, where the accident for which this suit is brought happened?'' ''Do any of the jury have a cause pending against the defendant for killing stock?'' ''Do any of the jury believe that the defendant should pay for all stock killed by it, whether negligent or unavoidable?'' The court refused to allow the defendant to ask the jury each of these questions, and to the refusal to allow each question asked the defendant separately excepted. There were verdict and judgment for the plaintiff, and the defendant appeals.

Nesmith & Nesmith, and Hewitt, Walker & Porter, for appellant.

McGuire & Collier, contra.

BRICKELL, C. J.—The rule prevailing in this State is that, before challenge, neither party has a right to interrogate a juror, to ascertain whether he is subject to challenge.—*Bales v. State*, 63 Ala. 30. Such interrogation is a departure from the course of procedure the law appoints, and must be generally merely speculative and inquisitorial. The presiding judge will at all times, by an inquiry of each member of the panel, or of each juror proposed to be sworn, ascertain whether he has the requisite qualifications, or is subject to any of the challenges for cause protecting the parties against the pres-

ence of incompetent jurors, or of jurors who, by their relation to the parties or the particular cause, are incompetent or disqualified.    This is more appropriate, more orderly, and more promotive of the administration of justice, which would soon degenerate into a mere fishing procedure, wearying jurors, and needlessly consuming the public time.    The Circuit Court very properly refused to permit the interrogation of the jurors proposed by the appellant.

The Constitution confers on Circuit Courts "original jurisdiction in all matters civil and criminal, within the State, not otherwise excepted in the Constitution; but in civil cases only when the matter or sum in controversy exceeds fifty dollars."—Cons. Art. VI. § 4.  These courts have been a part of our judicial system since and prior to the organization of the State government; and, in all of our constitutions, the grant to them of original jurisdiction has been expressed in the same words now employed in the Constitution.   The Constitution also provides for the election of justices of the peace, and declares that they "shall have jurisdiction in all civil cases wherein the amount in controversy does not exceed one hundred dollars, except in cases of libel, slander, assault and battery, and ejectment."—Const. Art. VI. § 26.   It is a settled rule of construction that the provisions of the Constitution conferring civil jurisdiction on justices of the peace are not self-executing; that it requires legislation to put them in force and give them effect.—*Pearce v. Pope*, 42 Ala. 319; *Taylor v. Woods*, 52 Ala. 474: *Carter v. Alford*, 64 Ala. 236.   The Code, § 839, subdiv. 2, declares justices have original jurisdiction "of all actions founded on any wrong or injury, where the damages claimed do not exceed fifty dollars, except in actions for libel, slander, assault and battery, and actions of ejectment."   This is but a partial execution of the Constitution; the large class of cases in which the damages may exceed fifty dollars, and yet not exceed one hundred dollars, are left to the jurisdiction of the Circuit Court. There is, however, a provision of the Code, which may be deemed supplementary, declaring that, "a justice of the peace has jurisdiction of all actions for injury to, or destruction of stock by the locomotives or care of a railroad, if the sum in controversy does not exceed one hundred dollars."—Code, § 1149.   It is true this section

was pronounced unconstitutional in a very brief opinion in the case of *Brown v. Alabama Great Southern R. Co.*, 87 Ala. 370. But at the time of the injury the subject of the suit in that case, and at the time of the commencement of the suit, this section of the Code had not legal existence. The Code had not then become operative, as was pointed out in the argument of counsel. Statutes cannot be pronounced unconstitutional at the mere will of courts, or in suits in which they are not involved—not the foundation of any right asserted by the plaintiff, or matter of defense preferred by the defendant. The cause of action originated, and the suit was commenced, while section 1711, of the Code of 1876 was of force, a decision upon the constitutionality of which the court reserved in *Alabama Great Southern R. Co. v. Christian*, 82 Ala. 307, until the question came properly before the court. As a general rule, courts do not pronounce statutes violative of the constitution, unless a decision of that very point is necessary to the determination of the cause.—Cooley, Cons. Lim., 196; *Smith v. Speed*, 50 Ala. 276. It is said by Judge Cooley, as a result of authority, that "in any case, therefore, where a constitutional question is raised, though it may be legitimately presented by the record, yet if the record also presents some other and clear ground upon which the court may rest its judgment, and therby render the constitutional question immaterial to the case, that course will be adopted, and the question of constitutional power will be left for consideration until a case arises which cannot be disposed of without considering it, and when, consequently, a decision upon such a question will be unavoidable."

In the present case, the suit originated in the circuit court, the sum in controversy, or the damages claimed, exceeding fifty dollars. There is no aspect of the case in which section 1149 of the Code, conferring jurisdiction on justices of the peace, is capable of application. That section does not purport to confer on justices exclusive jurisdiction of the suits to which it refers, and it is not susceptible of any fair, reasonable interpretation from which abridgement of the original jurisdiction of the circuit court as defined by the constitution, (if such abridgement lies within the scope of legislative power), can be deduced. It is not, of consequence, now

within our province to consider whether it is violative of or in strict conformity with the Constitution. That question must remain open until a case may arise in which its decision becomes necessary to the adjudication of the rights of the parties. If it should arise, the court cannot be trammelled by the opinion in *Brown v. Alabama Great Southern R. Co., supra.*

The main and controlling point of contention in the case is whether the suit was not barred because not commenced within six months after the occurrence of the injury of which complaint is made. The insistence of the appellant is that it was barred under the operation of section 1150 of the Code, which reads: "If the amount in controversy for injury to, or destruction of stock, does not exceed one hundred dollars, the suit must be brought within six months from the date of the injury or destruction." This section manifestly is, and was intended as, a mere adjunct to section 1149, and to be applied only to suits that section authorizes. It could as well have been incorporated in that section as made a separate section. The separation is not indicative of a legislative intent to disassociate or divorce it from that section, and give it a different, distinct, independent operation. There is nothing incongruous in prescribing a particular limitation to suits before justices of the peace, variant from that the general statutes prescribe for all other tribunals. There would be much of incongruity, not lightly to be attributed to the legislature, if the statute was applied to suits originating in the circuit court. The general statute of limitations governing actions in the circuit courts against railroads or others, for injuries to or for the destruction of stock, is one year.—Code, § 2619 ; *Huss v. Railroad Co.,* 66 Ala. 472. If the limitation of six months prescribed by section 1150 be applied to such actions, we have two variant statutes applicable to them. The plaintiff who sues for one hundred dollars is subject to the bar of six months ; if he sues for one hundred and one dollars, or any greater sum than one hundred dollars, the bar is twelve months. Such incongruity it is difficult even to conjecture to have been within the legislative intent. The two sections, 1149 and 1150 are *in pari materia*, and, when read and construed together, are their best expositors. They

relate, and have exclusive relation, to the suits before justices of the peace they authorize.

We find no error in the rulings of the circuit court, and the judgmect must be affirmed.