[Alford *et al.* v. Hicks.]

# Alford *et al. v.* Hicks.

*Bill to Restrain Acts under an Alleged Unconstitutional Law.*

1. *Constitutional law; passage of local law.*—The Legislature of Alabama cannot enact a constitutional local law without violating Section 106 of the Constitution, when the notice of the intention to apply therefor, as required by said section, shows that the Act proposed to be enacted, if enacted as set forth in the notice, would be unconstitutional.

2. *Same; act to establish inferior civil court of Mobile County unconstitutional.*—The act of the Legislature of Alabama approved September 26th, 1903, entitled "An Act to establish an inferior civil court of Mobile County in lieu of Justices of the Peace for the City of Mobile," (Local Acts 1903, pp. 348-352), is unconstitutional and void, because the notice required by Section 106 of the Constitution to be given stated that the court proposed to be established should have jurisdiction to the extent of $200.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. THOMAS H. SMITH.

The bill in this case was filed by appellee as a resident citizen and tax payer of Mobile county, Alabama, to enjoin the paying out by the County Treasurer of moneys for stationery, books and supplies for the Inferior Civil Court of Mobile County, and to enjoin the payment out of the County Treasury of the salaries provided for in said act to be paid to the Sheriff, to the Judge, and to the *ex officio* clerk of the said Court.

The bill also shows that the appellee is a duly elected and qualified Justice of the Peace of ward one of Mobile County, Alabama; that as a result of the approval of the Act published in the Local Acts of 1903, to establish an inferior civil court in Mobile County in lieu of Justices of the Peace in the City of Moble, and the assumpton of power thereunder by the acting officers of said

Court, the appellee has lost all his business as Justice of the Peace of said ward one, to his inestimable and irreparable damage.

The Act as enacted contained in detail the provisions, the substance of which was set out in the notice, with the exception that in the act as passed by the Legislature, the jurisdiction of the inferior court was limited to $100 and not to $200, as stated in the notice. The grounds upon which it was averred in the bill that the act in question was unconstitutional, was that the notice which was given of the intention to introduce such bill was not sufficient notice as required by Section 106 of the Constitution of 1901; that the Journal of the House of Representatives and the Journal of the Senate of the Legislature do not show affirmatively that said act was passed in accordance with the provisions of Section 106 of the Constitution of 1901.

The defendants demurred to the bill upon the following grounds: "1st. Because the act of the Legislature alleged in said bill to be invalid is shown by the Journals of the House and Senate of the Legislature of Alabama to have been passed in strict compliance with the Constitution of the State of Alabama. 2nd. Because the notices of the purpose to introduce the said act, alleged in said bill to be invalid, as set out in the Journals of the House and Senate of the Legislature of Alabama, show that the publication was made and that the notice required by the Constitution state the substance of said act as the same was passed by the Senate and House of Representatives of the Legislature of Alabama. 3d. Because that part of said act complained of in said bill which established an inferior Civil Court for the County of Mobile in lieu of Justices of the Peace was adopted in strict compliance with the Constitution of the State of Alabama and is separable from all other parts and provisions of said act."

Upon the submission of the cause upon the demurrers, the Chancellor rendered a decree overruling the demurrers. From this decree the defendants appeal and assign the rendition thereof as error.

GREGORY L. & H. T. SMITH, for appellants.

CHARLES L. BROMBERG and MASSEY WILSON, *contra.*— The substance of the bill which passes the Legislature is what the Constitution requires should be published. *Lancaster v. Gafford,* 37 So. 108 and of decisions; *Wallace v. Board of Rev. etc.,* 37 So. Rep. 321; *Tillman v. Porter in MS.*

TYSON, J.—The bill in this cause assails the constitutionality of the act entitled "An act to establish an inferior civil court of Mobile county in lieu of justices of the peace in the city of Mobile." Local acts 1903, p. 348, No. 265.

It is practically admitted by the appellants, who were the respondents in the court below that the act is a local one. The main question presented is whether the notice that was given as required by section 106 of the Constitution was sufficient.

That notice reads as follows: "Notice is hereby given that a bill to establish an inferior civil court for the county of Mobile, with inferior jurisdiction, in lieu of the justices of the peace, except said court shall have jurisdiction to the extent of two hundred dollars, will be introduced at the present session of the legislature, making the judge and clerk of the inferior criminal court of Mobile county, ex officio judge and clerk of said inferior civil court of Mobile county, and providing appropriate compensation for said officers. All of the costs and fees collected in said court, except the sheriff's fees, to be turned into the county treasury."

Section 168 of the Constitution authorizing the general assembly to provide for inferior courts in lieu of justices of the peace reads as follows: "In each precinct lying within or partly within, any city or incorporated town of more than fifteen hundred inhabitants, there shall be elected by the qualified electors of such precinct, not exceeding two justices of the peace and one constable. Where one or more precincts lie within or partly within a city or incorporated town having more than fifteen hundred inhabitants, the legislature may provide

by law for the election of not more than two justices of the peace and one constable for each of said precincts or for an inferior court for such precinct or precincts, in lieu of all justices of the peace therein. Justices of the peace and the inferior courts in this section provided for, shall have jurisdiction in all civil cases where the amount in controversy does not exceed one hundred dollars, except in cases of libel, slander, assault and battery and ejectment," etc.

This section was adopted in the stead of Section 26 of Art. 6 of the Constitution of 1875, which required the election of not exceeding two justices of the peace in each precinct of the county in the state and providing that they "shall have jurisdiction in all civil cases where the amount in controversy does not exceed one hundred dollars, except in cases of libel, slander, assault and battery and ejectment," etc.,

It will be observed that the language conferring jurisdiction is identical in the two sections.

In *Pearce v. Pope,* 42 Ala. 319, it was said of the provision above quoted that its object "was not to confer power upon the Legislature, nor to vest jurisdiction in justices of the peace, nor to provide for its exercise. It was to place a *restriction* upon the legislature in conferring the jurisdiction—to provide a maximum as to its extent."

In *Taylor v. Woods,* 52 Ala. 474, it was held that this section of the Constitution was not an express grant of civil jurisdiction to justices of the peace but was intended to limit their jurisdiction to controversies involving a sum not exceeding one hundred dollars.

The same principle was announced in *Carter v. Alford,* 64 Ala. 236. On the authority of these cases it is clear that the Legislature, under the Constitution of 1875, could not have constitutionally conferred upon justices of the peace jurisdiction in civil cases in excess of the maximum amount provided.

This being the settled interpretation of the language employed in § 26 quoted above, the incorporation of the same language in § 168 of the present Constitution must be regarded as an adoption of that interpretation. For

the framers of the present Constitution must be presumed to have retained it with knowledge of that construction; and the courts will, therefore, feel bound to adhere to that construction.. *Ex parte Roundtree*, 51 Ala. 42; Endlich on Interpretation of Statutes, § 530.

Whether § 168 is a grant of power to the legislature to establish the inferior courts mentioned in it is not necessary here to be decided. But it is entirely clear that it is a limitation upon the power of the legislature to confer upon these courts, when established, jurisdiction in excess of one hundred dollars, and an act, if passed, conferring jurisdiction for a greater sum would be unconstitutional. But it may be said that the act assailed does not attempt to confer jurisdiction in excess of the constitutional limitation. This is true. But the notice given was to have a law enacted that would have done so. So then, the question is, can the legislature enact a constitutional local law, without violating § 106 of the Constitution, when the notice of the intention to apply therefor, as required by that section, shows that the act proposed to be enacted, if enacted, would be unconstitutional? We think not.

That section provides that "no special, private or local law shall be passed on any subject not enumerated in Sec. 104 of the Constitution, except in reference to fixing the time of holding courts, unless notice of the intention to apply therefor shall have been published, without cost to the State in the county or counties where the matter or thing to be affected may be situated, which notice shall state the substance of the proposed law," etc., etc.

Manifestly, the purpose here sought to be accomplished was to inform the people of the county or counties to be affected by the law, of its proposed enactment, so that those of them who may not favor its enactment might oppose it. To hold that under the notice here under consideration that a valid law may be passed by the Legislature, would not only violate the letter and spirit of § 106, but would practically emasculate it.

The people of Mobile county knew that no such law as mentioned in the notice could be legally passed. They

[Bronson v. Russell.]

had a right to rely upon the legislature not violating the constitution, or if it did, they knew the act would be void and they could not possibly be effected by it. They might have been thus lulled by the notice into feeling that there was no need to oppose its passage. They had no notice of the act that was passed. We feel constrained to hold that the notice was wholly insufficient—in fact, no notice at all of that act that was passed.

The demurrer to the bill in the case was properly overruled.

Affirmed.

McClellan, C. J., Simpson and Anderson, J.J., concur.