# EX PARTE LOTHROP.

ORIGINAL.

Argued April 12, 1886.—Decided April 26, 1886.

The County Court in the County of Cochise, created and established by the Legislature of Arizona by the act of March 12, 1885, is an inferior court within the meaning of Rev. Stat. § 1908, which provides that: "The judicial power of Arizona shall be vested in a Supreme Court and such inferior courts as the legislative council may by law prescribe;" and the act of March 12, 1885, is valid.

This was a petition to this court for a writ of *habeas corpus.* The case is stated in the opinion of the court.

*Mr. A. X. Parker,* (with whom was *Mr. W. H. Hilwell* on the brief) for petitioner.

*Mr. Thomas Mitchell* for the sheriff, opposing.

*Mr. A. T. Britton* and *Mr. A. B. Browne,* for interveners, by leave of court filed a brief opposing.

Mr. Chief Justice Waite delivered the opinion of the court.

The petitioner is detained in the territorial prison of Arizona upon a warrant of commitment issued by the County Court of Cochise County, under a sentence of imprisonment on a conviction of the crime of grand larceny, and the only question presented by his petition is whether the territorial legislature of Arizona had authority to create and establish that court. There is no question of the jurisdiction of the court to try the petitioner for the offence of which he was convicted if the court itself was rightfully created.

The provisions of the Revised Statutes on which the question depends are these:

"§ 1846. The legislative power in each Territory shall be vested in the governor and a legislative assembly. The legislative assembly shall consist of a council and house of representatives.

"§ 1851. The legislative power of every Territory shall extend to all rightful subjects of legislation not inconsistent with the Constitution and laws of the United States.

"§ 1864. The Supreme Court of every Territory shall consist of a chief justice and two associate justices, any two of whom shall constitute a quorum. . . . They shall hold a term annually at the seat of government of the Territory for which they are respectively appointed.

"§ 1865. Every Territory shall be divided into three judicial districts; and a District Court shall be held in each district of the Territory by one of the justices of the Supreme Court, at such time and place as may be prescribed by law; and each judge, after assignment, shall reside in the district to which he is assigned.

"§ 1868. The supreme court and the district courts, respectively, in every Territory, shall possess chancery as well as common law jurisdiction.

"§ 1869. Writs of error, bills of exceptions, and appeals shall be allowed, in all cases, from the final decisions of the

district courts to the supreme court of all the Territories, respectively, under such regulations as may be prescribed by law.

"§ 1907. The judicial power in New Mexico, Utah, Washington, Colorado, Dakota, Idaho, Montana, and Wyoming, shall be vested in a supreme court, district courts, probate courts, and in justices of the peace.

"§ 1908. The judicial power of Arizona shall be vested in a supreme court and such inferior courts as the legislative council may by law prescribe.

"§ 1866. The jurisdiction, both appellate and original, of the courts provided for in sections nineteen hundred and seven and nineteen hundred and eight shall be limited by law."

Such was the organic law of Arizona, as shown by the Revised Statutes, on the 12th of March, 1885, when the act was passed by the legislative assembly of the Territory and approved by the governor, "to create and establish a County Court in the County of Cochise." Section 4 of this act is as follows:

"SEC. 4. Said county court shall be a court of record, having a seal with the coat-of-arms of the Territory and 'County Court, Cochise County, Arizona,' sunk or engraved thereon, and said county court shall have original, general, criminal, and civil jurisdiction, except as hereafter limited, and shall have equal concurrent common law, equitable and statutory jurisdiction with the District Courts in all cases. The county court of said Cochise County shall have original concurrent jurisdiction with the District Courts in all cases of equity and in all cases at law which involve the title or possession of real property, or the legality of any tax, impost, assessment, toll, or municipal fine, and in all other cases in which the demand or the value of the property in controversy amounts to one hundred dollars or more, and in all criminal cases amounting to felony, and cases of misdemeanor not otherwise provided for, of all actions of forcible entry and detainer, of proceedings in insolvency, of actions to prevent or abate a nuisance, of all matters of probate, of divorce and for annulment of marriage, and all matters incidental thereto or connected therewith, and of all such special cases and proceedings as are not other-

wise provided for. And said court shall have the power of naturalization, and to issue papers therefor. Said county courts shall have appellate jurisdiction in all cases arising in justices and other inferior courts in said Cochise County in the same manner and to the same extent as is now allowed by law on appeals from such courts to the District Courts. The said County Court of Cochise County shall be always open, legal holidays and non-judicial days excepted, and its process shall extend to all parts of the Territory : Provided, that all actions for the recovery of the possession of, quieting the title to, or for the enforcement of liens upon real estate, shall be commenced in the county in which the real estate, or any part thereof, affected by such action or actions, is situated. Said county court and the judge thereof shall have power to issue writs of mandamus, certiorari, injunction, prohibition, quo warranto and habeas corpus on petition, by or on behalf of any person in actual custody in said Cochise County. Injunctions, writs of prohibition, and habeas corpus may be issued and served on legal holidays and non-judicial days, and all acts and part of acts granting and conferring jurisdiction to and upon the District Courts and describing their civil and criminal procedure shall be and are hereby made applicable to the County Court of Cochise County. Appeals shall be taken from the County Court to the Supreme Court of this Territory in the same manner and in the same cases as are now allowed by law in appeals from the District and Probate Courts to the Supreme Courts."

The judge of the court was to be elected by the qualified electors of the county, and to hold his office for four years. He was to reside at the county seat, and could not be absent from the county more than thirty days in each calendar year.

The precise question for determination is whether such a court with such a jurisdiction is an "inferior court" within the meaning of § 1908. It has "equal concurrent common law, equitable and statutory jurisdiction with the District Courts in all cases," and "original concurrent jurisdiction with the District Courts . . . in all criminal cases amounting to felony, and cases of misdemeanor, not otherwise provided for." It is,

therefore, a court of substantially equal dignity and importance with the District Court, so far as Cochise County is concerned, but it is "inferior" to the Supreme Court, because that court has power to review its judgments and decrees on appeal. As every Territory is by the Revised Statutes to be divided into districts, and a District Court is to be held in each district, § 1908 must. be so construed as not to exclude District Courts in Arizona Territory. Still, as District Courts are neither named nor specifically referred to in the section, it does not necessarily follow that the "inferior courts" provided for must be courts inferior to them. For some reason Congress saw fit in establishing the territorial government of Arizona to depart from its usual habit of specifying the courts in which the judicial power should be vested, and to provide that it should be vested there "in a Supreme Court to consist of three judges, and such inferior courts as the legislative council may prescribe." Ch. 56, § 2, 12 Stat. 665. In all the other Territories then existing it had been vested "in a Supreme Court, District Courts, Probate Courts, and in justices of the peace." This practice began with the act establishing the territorial government of Wisconsin, April 20, 1836, 5 Stat. 10, ch. 54, § 9, and it was followed in all the territorial organic acts passed afterwards, except in those for Arizona and Alaska. In Arizona the provision as to the vesting of judicial power was more like that in the organic act of Florida, March 30, 1822, 3 Stat. 654, ch. 13, § 6, where it was placed "in two Superior Courts, and in such inferior courts and justices of the peace as the legislative council of the territory may from time to time establish." This, it was held in *American Ins. Co.* v. *Canter*, 1 Pet. 511, gave the legislative council authority to establish courts of concurrent jurisdiction with the superior courts, except in respect to capital offences, as to which, by the organic act, the jurisdiction of the superior courts had been made exclusive. The language of Chief Justice Marshall is, p. 544: "This general grant is common to the superior and inferior courts, and their jurisdiction is concurrent, except so far as it may be made exclusive in either, by other provisions of the statute. The jurisdiction of the superior courts is declared to be exclusive over capital of-

fences; on every other question over which those courts may take cognizance by virtue of this section, concurrent jurisdiction may be given to the inferior courts." This is, as it seems to us, equally applicable to the present case. The legislative power of the Territory extends to " all rightful subjects of legislation not inconsistent with the Constitution and laws of the United States." This includes the establishment of "inferior courts;" that is to say, courts inferior to the Supreme Court. District Courts have been established by Congress, but Congress has not defined their jurisdiction, further than to provide generally that they shall have chancery as well as common law jurisdiction. According to § 1886 the jurisdiction of all the courts is to be such as shall be limited by law. There is no restraint on the legislative power of this Territory as to the grant of jurisdiction to the inferior courts, except by implication, that it shall be such as properly belongs to a court inferior to the Supreme Court. In *Ferris* v. *Higley*, 20 Wall. 375, 383, it was held in respect to a Territory where the judicial power was vested in a Supreme Court, District Courts, Probate Courts, and justices of the peace, that the Probate Courts could not be vested by the territorial legislature with the powers of courts of general jurisdiction, both civil and criminal, because that would be inconsistent with the nature and purpose of a Probate Court as authorized by that act, and inconsistent with the clause which conferred on the Supreme Court and District Courts general jurisdiction in chancery as well as at law. But here there is nothing of the kind. All that is required, according to the doctrine of *American Ins. Co.* v. *Canter*, is that the court shall be inferior to the Supreme Court. Its jurisdiction may be made concurrent with that of every other court which is alike inferior to the Supreme Court. Section 1869 provides for appeals and writs of error from the District Courts to the Supreme Court, but this is not at all inconsistent with authority in the legislature of Arizona to allow like appeals and writs of error from any other inferior court it may establish. District Courts are now established in all the Territories, but it is, to say the least, doubtful whether that was done by Congress in Arizona prior to the adoption of the Revised Statutes. As has already been seen the orig-

inal organic act contained no such provision in express terms, and it is not necessary now to decide what effect the extension to that Territory of the legislative enactments, &c., of New Mexico may have had on this subject. At the first session of the territorial legislature of Arizona in 1864 such courts were established and their jurisdiction defined. Howell Code, ch. 45, pt. 3. At the same time the Territory was divided into three judicial districts, the judges of the Supreme Court assigned for District Court purposes, and the times and places for holding such courts fixed. From that time until now District Courts have actually existed in the Territory, and it is not now important to inquire by what particular authority. The territorial legislature had power before the adoption of the Revised Statutes to create courts of concurrent jurisdiction with the District Courts, and this power was not taken away by the revision.

Something was said in argument about the use of the word "prescribe" in the organic act of Arizona, and "establish" in that of Florida, but we attach no importance to this. The words are often used to express the same thing, and Webster classes them as synonyms.

We are, therefore, of opinion that the act establishing the County Court is valid and that the writ should be denied. Congress has power under § 1856 of the Revised Statutes to disapprove the act and thus render it inoperative thereafter, and it is to be presumed that this will be done if in its practical operation the court shall be found to be no longer desirable. There may be now no good reason for keeping up the distinction between the power of the Territory of Arizona over its courts and that of the other Territories, but this is a subject for congressional legislation and not for judicial restraint.

The rule is discharged and the

*Writ of habeas corpus denied.*