# *Ex parte* Rucker.

## *Petition for Prohibition.*

1. *Deposition at law; compelling witness to answer.*—The courts of this state have no statutory authority to compel a witness to answer interrogatories propounded to him under a commission issued from a court of another state.

This original petition for a writ of prohibition was filed on December 17th, 1895, by E. W. Rucker, and set forth that on the 27th day of November, 1895, one J. La Motte Morgan filed in the circuit court of Jefferson county, an application to compel the petitioner to answer certain questions propounded to him as a witness under a commission issued out of the superior court of Cook county, Illinois, in a suit therein pending between said Morgan and others. Rucker was not a party to said suit, and the commission was directed to a commissioner residing in the county of Rucker's residence. Rucker appeared before the commissioner, and answered certain parts of the interrogatories, and refused to answer other parts, giving no reason for his refusal, Upon the hearing of the application to compel Rucker to answer, the attorney of the applicant, Morgan, disclaimed any desire to recover of Rucker the statutory penalty for his refusal to answer, and insisted upon an order compelling him to do so. Objections and demurrers were filed by Rucker to the application, whereby he raised the question of the jurisdiction of the court to grant the order requested. Upon the hearing, the lower court held that it had authority to grant the order asked, but did not then grant the order, passing the same to a day subsequent to the filing of this petition.

The prayer of Rucker's petition to this court, is that it "will grant to him a writ of prohibition, or other appropriate writ, prohibiting the circuit court of said county

from making such order as aforesaid, and prohibiting it from making any order upon said Morgan's motion, application or petition, requiring your petitioner to answer any of said interrogatories, which he has declined to answer as aforesaid.''

JNO. P. TILLMAN, for petitioner.—1. The circuit court had no jurisdiction to render the order prayed by Morgan.

2. Prohibition is the proper remedy for this petitioner. 3 Brick. Dig., 717, § 1; *Ex parte M. & O. R. R. Co.*, 63 Ala. 351; High on Ext. Rem. 612; *State v. Wilcox*, 24 Minn. 143.

J. M. MARTIN, *contra*.

HARALSON, J.—Sections of the Code from 2792 to 2800, inclusive, constituting Art. 2 of the particular Chapter, Title and Part, in which they are found, make provisions for procuring testimony of witnesses by subpœna in the law courts, to be taken in open court. Section 2796 provides for a penalty of $100 to the use of the party summoning him. against a witness who fails to attend, pursuant to the mandate of the subpœna, and remain until his testimony is given, or he is discharged; and the succeeding section,—2797,—provides for a conditional judgment against him for that sum, to be made absolute, unless after notice of such judgment *nisi*, he appear at the next term of the court and render a good excuse for his default. Section 2799 makes provision for the imprisonment of a witness who obeys the subpœna, appears in court, but who refuses to testify. It reads: "Any witness refusing to testify, unless privileged by law from testifying in the cause, must be committed to jail of the county, there to remain without bail until he consents to testify." What the inherent powers of the courts are, independently of statute, to compel the personal attendance of witnesses in a pending cause, and to punish them for a failure to give in their evidence as required by the court, it is unnecessary now to consider. The subject is amply treated in Greenleaf on Evidence, sections 309 to 320.

In the succeeding Art. III, of the Code, sections 2801 to 2822, inclusive, make provision in specified cases, for

the taking of the depositions of witnesses, to be used on the trial of causes in courts, either *viva voce,* on examination by the parties or their representatives before the commissioner appointed to take the evidence, or on interrogatories previously prepared. These sections have reference specially, to procuring testimony of witnesses by depositions in causes pending in the law courts of this State. Section 2806 provides, that "Any witness whose testimony is required, and who fails on due notice, to appear before the commissioner and give evidence, forfeits to the party aggrieved the sum of one hundred dollars, for which, on motion, judgment may be rendered by the court where the cause is pending, on five days notice in writing; and is also liable, at the suit of the party aggrieved, to an action for damages; but the witness may make his excuse as in other cases." It will be seen that no provision is here made for punishing a witness for refusing to testify, as is prescribed by section 2799, copied above, in cases where the witness is in personal attendance in court and refuses to give his evidence. When we come to that other class of witnesses, who are excused from personal attendance in court, and whose evidence is allowed to be taken by deposition, except as is conferred by said section 2806 of the Code, we find no power existing in the courts, to punish a defaulting witness, either for failure to attend after notice before the commissioner or to give in his evidence when he does appear, and no penalties imposed on him for such failures. If any other power to impose a penalty or inflict punishment on such a witness, other than that bestowed by this statute, resides in the court, it belongs, and is to be found in the other class of inherent powers residing in all courts to compel obedience to their mandates in the administration of justice. As confirmatory of this conclusion,—and as evidencing the legislative intent,—it may be added that in the statutes providing for the examination by deposition of witnesses in chancery, (Code, §§ 3463–3476 inclusive), where the duty of a witness to appear before a commissioner and give his evidence is as great, and his evidence as important as in civil cases, the only provision made for a penalty for his failure to attend is, that the commissioner is required to endorse that fact on the subpœna, and return the same to the clerk of the circuit court of the county,

who is required to enter the case on the docket, when such proceedings may be had as in the case of defaulting witnesses in the circuit court. If any power to punish for a contempt exists, it must be found, as in the case of the circuit court, among the court's inherent powers. It does not exist by statute in either case.

As respects the examination of witnesses, residing in this State, whose evidence is required in suits pending in foreign courts, section 2814, which appears in said Art. III of the Code, providing for procuring the depositions of witnesses in suits pending in the law courts of the State, makes the only provision. It reads as follows: "The provisions of this article to compel witnesses to answer interrogatories, and for a failure to answer, are applicable to parties litigant in the courts of such States as grant similar privileges to citizens of this State, and proceedings therefor may be had in the circuit court of the county where the witness resides. The certificate of the person issuing the commission, that the State in which the suit is pending has a statute to compel witnesses to testify in foreign suits, is *prima facie* evidence of that fact; but no witness shall be required to give testimony under such commission, unless the party desiring such testimony, his agent or attorney, first deposit with the commissioner for the witness the amount allowed by law for mileage and *per diem* to witness attending to give evidence under commission from courts of this State, which deposit may be evidenced by the certificate of the commissioner."

It must be noticed, that the only "provisions of this article (of the Code), to compel witnesses to answer interrogatories and for failures to answer," to which reference in this section,—2814,—of the Code is made, are found in the said section 2806, to which we have already referred, in which it is provided, that "any witness who fails to attend when duly notified before a commissioner and give evidence, forfeits to the party aggrieved $100., for which, on motion, judgment may be rendered by the court where the cause is pending on five days notice in writing; and is also liable, at the suit of the party aggrieved, to an action for damages." Here, then, we have the only penalty provided by statute, and the only one that can be imposed by virtue of the statute, where a witness fails to appear before a commissioner and give

[*Ex parte* Rucker.]

evidence in a cause, whether pending in this State or in a foreign State. The same provisions are made for the protection of suitors in foreign as in domestic courts, and when the penalties provided in said section 2806 are applied, the statutory remedy, in either instance, is exhausted. If the statute ought to have gone further and provided more, in this respect, for the due administration of justice in our own and in foreign courts, the misfortune will arise from the deficiencies of the statute itself, and not from a due enforcement of it as adopted.

We would not be understood, however, as holding, that the courts are shut up to these statutory remedies and are without inherent powers to enforce the attendance of witnesses before commissioners, and the giving of their evidence in any cause pending in any court whether domestic or foreign. The question is not material now to be decided.

In the case before us, the proceedings are confessedly under the statute, under which, it is claimed, the circuit court of the judicial circuit to which application was made, has the power to compel the witness to answer the questions he refused to answer. The prayer is "for such proceedings therefor, and to that end, pursuant to the statutes in such cases made and provided for, as will secure a full answer from said witness, E. W. Rucker, to the questions hereinbefore set forth, and which he has, in part or in whole, refused, and still persists in his refusal to answer." This prayer is not for the forfeiture provided by said section 2806, and the party seeking to enforce the answers of the witness, at the hands of the circuit court, expressly disclaims any such remedy. Under his petition to said court, we are constrained to hold, that the circuit court is without statutory authority to enforce the remedy he seeks. To assume it, would be to usurp an authority and jurisdiction the statute does not confer. To exercise it in the manner, it is admitted the circuit court is about to do, and will do, unless restrained by this writ, will lead to consequences injurious to the relator, which there is no other and adequate remedy to prevent.—3 Brick. Dig. 717, § 1 and authorities there cited.

Let the writ of prohibition issue according to the prayer of the petition.

Prohibition granted