# State *v.* Spurlock.

## *Habeas Corpus.*

(Decided Feb. 4, 1909.   48 South. 849.)

1. *Statutes; Local and Special; Repeal.*—Section 10, Code 1907, applies only to repeals by implication, and therefore, is not in conflict with sections 6733, Code 1907, which section repeals all local or special laws in conflict with it, relative to the fixing and defining the jurisdiction of justices of the peace in criminal matters.

2. *Justices of the Peace; Criminal Jurisdiction.*—The criminal jurisdiction of justices of the peace is of legislative rather than constitutional creation, and the legislature may withdraw this jurisdiction ·whenever deemed expedient, so that Acts 1900-01, p. 794, is a valid enactment, although it withdraws criminal jurisdiction from the justice of the .peace of Mobile; and such act is not repealed by section 6733, Code 1907, as that section applies only to justices of the peace having criminal jurisdiction.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

William Spurlock was convicted and fined by a justice of the peace of the city of Mobile, and brings habeas corpus for his discharge. From an order granting the discharge the state appeals. Affirmed.

ALEXANDER M. GARBER, Attorney General, and THOMAS W. MARTIN, Assistant Attorney General, for the State. The Act approved Feb, 1, 1901, (Acts 1900-01, p. 794) deprived justices of the peace of Mobile county of their criminal jurisdiction and invests it in the inferior court. This Act was repealed by the Code of 1907.— Section 10, Code 1907; Section 6733, Code 1907; 26 A. & E. Ency of Law, 741; *Roberts v. Pippin,* 75 Ala. 103; *Parsons v. Hubbard,* 64 Ala. 201; *Board of Revenue v. Barbour,* 53 Ala. 593.

No counsel marked for appellee.

ANDERSON, J.—Section 6733 of the Code of 1907 fixes and defines the jurisdiction of justices of the peace, and concludes as follows: *"And all local or special laws in conflict herewith are expressly repealed."* (Italics supplied.) While the repealing clause of the section in question does no more than to repeal laws in conflict therewith, and which would be the result, regardless of the insertion of said clause, but for the proviso of section 10 of the Code of 1907 in reference to local laws on this subject (*Ogbourne v. Ogbourne,* 60 Ala. 616; *District of Columbia v. Sisters of Visitation,* 15 App. D. C. 308), yet it was a legislative declaration of the effect of the law, and evinces an intent to repeal all local or special laws in conflict therewith, regardless of section 10 of the Code. Indeed, the insertion of such a clause in a section of the Code is unusual, and it was evidently put there to emphasize an intention to repeal all laws in conflict therewith, regardless of section 10. Conceding, therefore, that sectioin 10, notwithstanding it appears in the first chapter of the Code, is the last legislative expression, as it applies to the whole Code and was inserted to explain and qualify same, we think that so much thereof, providing against the repeal of local and special laws, upon the subjects therein enumerated, applies to repeals by mere implication—not to sections of the Code containing an express declaration of the repeal of special and local laws, or to those that are so worded as to clearly indicate a legislative intent to repeal same. We are of the opinion that section 10 has no application to section 6733, and that this last section repeals all laws in conflict with same. To hold that section 10 prevented the repeal of all local laws in conflict therewith would in effect defeat the very purpose and intention of this law, as there are few counties in the state where the jurisdiction of justices of the peace is uniform,

and the section in question was inserted in the Code to fix and make uniform the jurisdiction of justices then exercising criminal jurisdiction under the law.

The question then is: Does section 6733, by fixing and making uniform the jurisdiction of justices of the peace, repeal Acts 1900-01, p. 794, which withdrew from justices in Mobile all criminal jurisdiction? If there is a conflict, it does; but, if there is a field of operation for both laws, it does not. "In order to harmonize legislative acts, courts are required to adopt, if necessary, rules of general and liberal construction. If it be possible to reconcile the two statutes, so as to permit both to stand without violating sound rules of construction, this will be done. The court will not ordinarily declare a prior act to be repealed by a subsequent one, in the absence of express words of repeal, unless the provisions of the two are directly repugnant, or, as frequently expressed, irreconcilably inconsistent."—*Roberts v. Pippin,* 75 Ala. 103; *Parker v. Hubbard,* 64 Ala. 207; *Board of Revenue v. Barber,* 53 Ala. 593. Section 6733 does not say all justices of the peace, and, when taken in connection with our statutory and organic laws on this suject, can be construed, without doing violence to the letter, as appying only to those justices of the peace who, at the time of its enactment, were clothed with some criminal jurisdiction, and not to those who had been shorn of all jurisdiction in criminal cases.

A justice of the peace is a constitutional officer, and is given by the terms of the Constitution certain civil jurisdiction; but the right to exercise criminal jurisdiction is of statutory creation. This the Legislature can give, and this the Legislature can withdraw when previously given. The present Constitution, like its predecessor, left the power to confer criminal jurisdiction on justices of the peace, but, unlike its predecessors, gives

the Legislature a discretion as to justices of the peace, or inferior courts, in lieu of same, in cities and incorporated towns having more than 1,500 inhabitants. Section 168, Constitution of 1901. The Legislature, recognizing its constitutional right to do so, has in several instances taken from justices of the peace all criminal jurisdiction, and has since the adoption of the present Constitution established inferior courts in lieu of justices of the peace in certain cities and towns with more than 1,500 inhabitants. Consequently the present Code was compiled, rewritten in part, and adopted at a time when we had what may be termed two separate and distinct classes of justices of the peace—one class with civil jurisdiction only, and the other with both civil and criminal jurisdiction. So, too, is it a matter of judicial knowledge that the acts previous to the present Constitution contained local laws conferring different jurisdiction and fees upon justices of the peace in the various counties of the state thus in effect destroying all uniformity as to jurisdiction or compensation. Therefore the framers of the present Constitution, recognizing this condition, attempted to obviate such an inharmonious state of affairs by inserting in the Constitution of 1901 subdivision 21 of section 104, prohibiting the increase of the jurisdiction or fees of justices of the peace by any law. And it is a reasonable assumption, that the code commissioner prepared and inserted section 6733 for the purpose of defining and making uniform the jurisdiction of the justices of the peace then exercising criminal jurisdiction and intended to repeal the various local laws conferring different jurisdiction in many localities, but did not intend to give criminal jurisdiction where none existed. We are of opinion that the act of 1901, withdrawing criminal jurisdiction from justices of the peace in Mobile, was not repealed by

[Tyler v. The State.]

section 6733, as there is no conflict; and, as the petitioner was committed by an officer who had no jurisdiction to do so, the circuit judge correctly ordered his discharge, and his order in so doing is affirmed.

Affirmed.

TYSON, C. J., and DOWDELL, SIMPSON, DENSON. and MAYFIELD, JJ., concur.