# State, *ex rel.* Miller *v.* Hermann.

## *Mandamus.*

(Decided Feb. 9, 1909.. 48 South. 851.)

*Prohibition; Grounds for Issuance.*—Although a justice of the peace may have no criminal jurisdiction, he will not be restrained from issuing warrants of arrest on the mere apprehension of the constable, at whose instance the prohibition is sought, that the justice

[State, ex rel. Miller v. Hermann.]

may issue a warrant, and then punish him if he refuses to obey the process.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Petition by the state on the relation of Albert P. Miller, for an order restraining F. W. Hermann, a justice of the peace, from issuing warrants of arrest. The petition was dismissed and petitioner appeals. Affirmed.

F. K. HALE, JR., for appellant.—Prohibition is the remedy in this case.—*Ex parte Rucker,* 108 Ala. 249. The main question in this case is whether or not criminal jurisdiction had been restored to justices of the peace in Mobile county. At the time of the adoption of the Code they had no jurisdiction and unless section 6733 grants such jurisdiction they are still without. Our insistence is that section 10 and section 33 when construed together does not restore the criminal jurisdiction.— *Lamar v. Allen,* 108 Ga.

D. B. COBBS, for appellee.—Jurisdiction was restored to the justices of the peace of Mobile county by section 6733, Code 1907, and said section is not in conflict with section 10 thereof.—*City Council of Montgomery v. National B. & L. Assn.,* 108 Ala. 340. There can be no such thing as the standing together of section 6733 and the Local Act.—Black on Interpretation of Laws, sec. 53; *Maxwell v. The State,* 89 Ala. 150.

DOWDELL, C. J.—This is a petition by Albert C. Miller, a duly qualified and acting constable in ward No. 2 of the city of Mobile, seeking to restrain the respondent, a duly qualified and acting justice of the peace of said ward, in said city, from exercising jurisdiction and issuing warrants on affidavits for the arrest of persons

9—160

charged with the violation of the criminal laws of the state. The petition is based on the alleged want of jurisdiction and authority in said respondent, as a justice of the peace, under the law, to take affidavits and issue warrants of arrest in criminal cases.

There is no pretense of any proceeding against the petitioner for a refusal by him to execute the warrants of arrest so issued; but it is only averred that the petitioner has an apprehension that he might be punished in the event he should refuse to obey such process. In the case of *State v. William Spurlock,* 159 Ala. 122, 48 South. 849, it was held that the act approved February 23, 1899 (Acts 1898-99, p. 1626), taking away the criminal jurisdiction of justices of the peace in the city of Mobile, was not repealed by the general statute in the present Code (Code 1907, § 6733) fixing the criminal jurisdiction of justices of the peace; and for a discussion of the principle involved we refer to the mentioned case. Under the authority of that case, it follows that the justice of the peace in the present case is without criminal jurisdiction.

It does not follow, however, that in the dismissal of the petition by the court below (from which said order the present appeal is prosecuted) error was committed. Conceding that the justice of the peace is without criminal jurisdiction, this of itself would not justify this court in granting a restraining order against the justice, on the mere apprehension of the petitioner that the justice might issue a warrant, and then punish the petitioner if he should refuse to obey the mandate of the process. If the petitioner was being proceeded against for a refusal to obey such process, then the court applied to for a restraining order would have a real case to deal with, and not an imaginary one; and the authorities cited by petitioner [*Ex parte Rucker,* 108 Ala.

249, 19 South. 314, and *Bryan v. Duffie,* 52 Ala. 4]
would then be applicable. There being no proceeding
against the petitioner in any way affecting his rights in
the premises, we think the court properly dismissed the
petition.

Affirmed.

ANDERSON, McCLELLAN, and MAYFIELD, JJ., concur.