185 So. 895

**PHARR v. WHITTLE, Justice of the Peace.**

**3 Div. 269.**

Supreme Court of Alabama.

Jan. 19, 1939.

Thos. B. Hill, Jr., and Wm. Inge Hill, both of Montgomery, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for appellee.

GARDNER, Justice.

The appeal is from the judgment of the circuit court, denying the writ of prohibition sought by petitioner against I. C. Whittle, a justice of the peace for beat 19 of Montgomery County. Petitioner is charged with the offense of driving a motor vehicle upon the public highway of the State while under the influence of intoxicating liquor. The offense having been committed within the territorial jurisdiction of the justice, the petition discloses that said Whittle, a justice of the peace, will, unless restrained, proceed to a trial of the case and exercise final jurisdiction over it.

Petitioner insists that said justice of the peace has no final jurisdiction of this offense, and that he has pursued the proper remedy for writ of prohibition to test the question is not here controverted. Ex parte State ex rel. Bailes, 235 Ala. 133, 177 So. 752; Ex parte Wilkinson, 220 Ala. 529, 126 So. 102.

The matter of criminal jurisdiction of the justice of the peace is one of statutory creation. State v. Spurlock, 159 Ala. 122, 48 So. 849; Danzey v. State, 68 Ala. 296. Being of statutory creation, such jurisdiction must be clearly conferred, and will not be extended by inference or implication. 16 Corpus Juris 154.

The Act first creating the offense here involved (General Acts 1919, pp. 1002, 1004, § 28) did not confer such final jurisdiction upon the justice of the peace, nor was it so conferred when brought forward into section 3324, Code of 1923. But this offense was embraced in what is referred to as the Highway Code of 1927. General Acts 1927, page 348, section 48, page 365, sections 104 and 105, pages 389, 390, and Michie's Code of 1928, section 1397(50), section 1397(106), section 1397(107).

And it is the State's insistence that the jurisdiction was conferred by the Highway Code as to all the offenses therein named, including that of driving while under the influence of intoxicating liquors.

The argument to the contrary is ingenious, and is based upon the theory that any such jurisdiction, if conferred at all, is by mere inference or implication only, and thus violative of the general principle of strict construction in such matters.

But we are not persuaded of the correctness of this insistence. If the language employed in the Act, reasonably interpreted, confers such jurisdiction, though it may appear rather loosely written, the result reached that such jurisdiction is made to appear, is not by mere inference or implication. It follows from the proper interpretation of the language itself, and does not infringe upon the above noted rule of construction. Such we conclude is the situation here.

The offense and the punishment for its violation is fixed in section 48 of the Act, and in section 104 provision is made for a hearing before a magistrate "within the county or city wherein such offense was committed." By the terms of this section it has reference to any of the misdemeanor offenses provided for in that article, and this offense was so included. And in the following section (105) provision is made for a full report by every justice of the peace, or police judge or court of every case in which any person was charged with the violation of any of these offenses, including a report as to conviction; and in subdivision (b) is the requirement that these reports be made upon forms prepared by the Highway Department, "and shall include all necessary information as to the parties to the case, the nature of the offense, the date of hearing, the plea, the judgment, the amount of the fines or forfeitures, as the case may be, and every such abstract shall be certified by the justice of the peace, police judge or clerk of such police court as a true abstract of the record of the court." We think these provisions of the Act suffice to show that the jurisdiction conferred upon and the hearing before the magistrate referred to in section 104 was a final jurisdiction, and not merely for a pre-

liminary hearing, and that the legislative intent is clear to that effect from the language used.

■] We conclude, therefore, that the Highway Code of 1927 conferred jurisdiction of this offense upon the justice of the peace.

Nor do we interpret the language of subdivision (b) of section 104 as leading to a contrary result for the offenses therein enumerated, including this offense. They were evidently considered more serious offenses, it is true. And for this reason a distinction was intended to the effect that as to these more serious misdemeanors the officer should not admit to bail, but at once carry the offender before the magistrate. We cannot read this sub-section as indicating a legislative intent to disturb the matter of jurisdiction.

■] But the offense with which petitioner is charged, is now defined by the Act of March 4, 1937, repealing all laws in conflict therewith, General Acts 1936–37, Ex. Sess., page 229, and it is argued that if jurisdiction was ever conferred upon the justice of the peace for such offense any such provision is repealed by this latter Act.

We do not read the cases of O'Rear v. Jackson, 124 Ala. 298, 26 So. 944, and Allgood v. Sloss-Sheffield Steel & Iron Co., 196 Ala. 500, 71 So. 724, cited by appellant, as leading to such result.

The Act of March 4, 1937, was evidently intended as a substitute for section 48 of the Highway Code of 1927, with some modification as to the offense and the penalty for its violation, together with a change in the distribution of the proceeds derived from its enforcement. But the offense, as we have previously observed, was triable before the justice of the peace under the provisions of sections 104 and 105 of the Highway Code. The Act of March 4, 1937, makes no reference to that subject and is entirely consistent with the retention of these provisions in the law. Upon that question no conflict whatever arises. Under general rules of construction, therefore, these provisions remain in force and undisturbed. 59 Corpus Juris 1094 and 1096; Levy, Aronson & White v. Jones, 208 Ala. 104, 93 So. 733; Allgood v. Sloss-Sheffield Steel & Iron Co., supra.

Our conclusion is that the justice of the peace has jurisdiction, and that the trial court correctly ruled in denying the writ of prohibition.

Let the judgment stand affirmed.

Affirmed.

THOMAS, BOULDIN, and FOSTER, JJ., concur.