SENTELL, Clerk.
RULES 18(II)(A)(4) AND 19(B)(2)(a) ALABAMA RULES OF JUDICIAL ADMINISTRATION SCHEDULE OF FINES FOR TRAFFIC INFRACTIONS
Mr. Charles Y. Cameron, Administrative Director of Courts, has requested my opinion as Clerk of the Supreme Court, pursuant to Section 6-105, Act No. 1205, Acts of Alabama, 1975 Regular Session, as to whether the fine schedule for traffic infractions listed in Rule 18(II)(A)(4) and Rule 19(B)(2)(a) of the Alabama Rules of Judicial Administration is mandatory for both magistrates and judges, thereby precluding a judicial determination for lesser fines.
It is my opinion that the schedules of fines listed in Rules 18 and 19 of the Alabama Rules of Judicial Administration are mandatory, and that the schedules preclude a judicial determination providing for a lesser fine.
The Supreme Court, on October 14, 1976, adopted the Alabama Rules of Judicial Administration, effective January 16,1977, under the authority of Section 6.11 of Amendment 328 to the Constitution of Alabama.
Section 6-105, Act No. 1205, Acts of Alabama, 1975 Regular Session, refers to the fact that “the supreme court now has the initial primary duty to make and promulgate rules,” including “rules of administration for all courts.”
Rule 19, Alabama Rules of Judicial Administration, governs uniform traffic infractions. This rule must be read in connection with Section 4-106(e) of Act No. 1205, supra, which defines a “traffic infraction” in sub-paragraph (e)(1) and provides for the punishment thereof in sub-paragraph (e)(5).
A “traffic infraction”, is defined as “any violation of a statute, ordinance or regulation relating to the operation or use of motor or other vehicles or use of streets and highways by pedestrians.”
Sub-paragraph (e)(5) of Section 4-106(e), Act No. 1205, supra, provides that “Sched *525 ules of fines to be imposed for traffic infractions shall be established by law or rule.”
Rule 19(B)(2)(a), supra, reads:
“(2) Schedule of fines.—
(a) Schedule of fines. — The following fines are prescribed for traffic infractions in district and municipal courts:”
and then lists one definite fine for each of seventeen traffic infractions.
The words, “establish” and “prescribe,” are often used as synonyms. Ex Parte Lothrop, 118 U.S. 113, 6 S.Ct. 984, 30 L.Ed. 108; Shell v. State, 2 Ala.App. 207, 56 So. 39 (1911).
The word, “prescribed,” has a well-defined legal meaning, denoting “to lay down authoritatively as a guide, direction or rule of action; to impose as a peremptory order.” City of New York v. Hexamer, 59 App.Div. 4, 69 N.Y.S. 198, 203 (1901); Mansfield v. People, 164 Ill. 611, 45 N.E. 976, 977 (1897); Philps v. Guy Drilling Co., 143 La. 951, 79 So. 549, 550 (1918); Jones v. Killingsworth, Tex.Civ.App., 379 S.W.2d 362, 366 (1964).
Rule 18, Alabama Rules of Judicial Administration, pertains to magistrates and their authority. The schedules of fines listed in Rule 18 are identical to the schedule of fines in Rule 19 and are listed under the statement:
“The following fines are prescribed for traffic infractions.”
The powers of the magistrate, among others, are limited to receiving of pleas of guilty in minor misdemeanors where a schedule of fine has been prescribed by rule. This is the same language used in Section 4-106(g)(2)(C) of Act 1205, supra.
The schedule of fines lists a definite fine for each traffic infraction. The judge in such a case has no discretion as he has in cases where there are maximum and minimum limits, as in the case of Lee v. State, 37 Ala.App. 321, 69 So.2d 467 (1953), cert. denied, 260 Ala. 698, 69 So.2d 470 (1954).
The following principles of law have been established for a long time in various courts of our country and should govern the question involved here. The sentence imposed must conform to the statute. Ex Parte Gilmore, 71 (Cope) Cal. 624, 12 P. 800 (1887). The fine cannot exceed the amount prescribed by law. State v. Thompson, 14 S.C. 12, 2 Strob. 12, 47 Am. Dec. 588 (1847).
Where the statute fixes the minimum amount of fine to be imposed, the court has no authority to impose a fine for an amount less than the minimum. 36A C.J.S. Fines § 5, p. 436; Graham v. State, 1 Ark. 171 (1838); Taff v. State, 39 Conn. 82 (1872); State v. Lawry, 4 Nev. 161 (1868); Taylor v. State, 35 Wis. 298 (1874).
Therefore, it is my opinion that the schedules of fines, together with the limitations, stated in Rule 18(II)(A)(4) are mandatory for the magistrates and the schedule of fines prescribed in Rule 19(B)(2)(a) is mandatory for judges.